NEWELL *v.* BURBANK and another.

Where a complainant files a judgment-creditor's bill and a retaxation of
costs takes place in the court below whereby the judgment becomes less
than $100, he will not be allowed to dismiss his bill without payment of
costs here.

*Sept.* 24, 1844.

*Jurisdiction.*

THE complainant had obtained a judgment of non-suit against the defendant in an action at law ; and having, on notice but while unopposed, taxed his costs at an amount exceeding one hundred dollars, he perfected his judgment for that sum and had an execution issued and returned *nulla bona.* He then filed the usual judgment-creditor's bill. A retaxation, in the meantime, was had ; and the costs at law (instead of standing at the above sum) were taxed down to about seventy five dollars. The complainant moved, under the circumstances, to be allowed to dismiss his bill without costs.

Mr. *Martindale,* for the complainant.

Mr. *Gray,* for the defendant.

THE VICE-CHANCELLOR :—I do not see how I can grant this application on motion. It is not like the case of a defendant taking the benefit of the bankrupt act; for there the defendant causes the circumstance which allows the complainant to move ; but here, the act is the complainant's own. It is true that the statute is imperative as to dismissing a suit brought for an amount less than the jurisdictional sum. " The court of chancery," says the statute, 2 R. S. 173, § 37 " *shall* dismiss every suit concerning property where the matter in dispute, exclusive of costs, does not exceed the value of one hundred dollars, with costs to the defendant." I am satisfied that this section is only to be applied on the hearing of a cause. Let us then look at the section which has reference to a complainant dismissing his own bill : Ib.

613, § 1. "Upon the plaintiff in a court of equity dismissing his own bill or petition or upon the same being dismissed for want of prosecution, the plaintiff shall pay to the defendant his costs to be taxed; except in those cases where, according to the practice of the court, costs would not be awarded against such complainant up on a decree rendered on hearing of the cause." Now I cannot say, in this stage of the cause especially, that the present is a case where costs would not be given against this complainant. Nor do I think this case comes within the equity which permits a complainant to withdraw his suit without paying a defendant's costs.(a)

[An order was ultimately entered whereby the bill was to be dismissed and the defendants were to have their costs, while the costs as retaxed on the judgment were to be applied by way of set-off. But this was rather an arrangement or concession of the parties than the clear order of the court.]

(a) And see *Smets* v. *Williams*, 4 Paige's C. R. 364: *Church* v. *Ide*, 1 Clarke's Ch. R. 494.

